IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JUSTIN SCOTT CHAMBERS                                                                                         PLAINTIFF

v.                                             Civil No. 1:22-cv-01042

OUACHITA COUNTY DETENTION CENTER;
CAMERON OWENS, Captain, Ouachita County
Detention Center; TIFFANY KINLEY, Lieutenant,
Ouachita County Detention Center; S. HOLMES,
Nurse, Ouachita County Detention Center;
and DOE, Provider, Ouachita County Detention Center                                    DEFENDANTS

**ORDER**

        Plaintiff, Justin Scott Chambers, filed this 42 U.S.C. § 1983 action *pro se* on July 25, 2022, in the Eastern District of Arkansas.  (ECF No. 2).  On July 27, 2022, the case was transferred to the Western District of Arkansas, El Dorado Division.  (ECF No. 3).  Plaintiff was granted Leave to Proceed *in forma pauperis* on July 28, 2022.  (ECF No. 7).  Before the Court is Plaintiff's failure to comply with orders of the Court.

        On July 28, 2022, the Court ordered Plaintiff to file an Amended Complaint by August 18, 2022, because he did not sign or date the complaint, and he did not clearly indicate how each named Defendant violated his federal constitutional rights.  (ECF No. 8).  The order informed Plaintiff that failure to timely comply would result in the case being dismissed without prejudice.  On August 12, 2022, Plaintiff filed a Motion to Extend his time to file the Amended Complaint.  (ECF No. 10).  The Court granted the Motion to Extend and directed Plaintiff to file his Amended Complaint by September 16, 2022.  (ECF No. 11).  Plaintiff did not file an Amended Complaint by the extended deadline, and the order extending the deadline was not returned to the Court as undeliverable.

        On September 26, 2022, the Court issued an order to Plaintiff to show cause, by October 17, 2022, as to why he failed to file an Amended Complaint.  (ECF No. 12).  This order also informed

Plaintiff that failure to comply would result in this case being dismissed.  To date, Plaintiff has not responded to the show cause order, and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey several orders of the Court.  Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 3rd day of November, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge